**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

KATHERINE BUSH, individually,

       Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO
d/b/a CENTURA HEALTH-PENROSE-ST. FRANCIS HEALTH SERVICES,
a Colorado nonprofit corporation,

       Defendant.

---

### COMPLAINT WITH JURY DEMAND

---

COMES NOW, the Plaintiff, Katherine Bush, by and through her attorneys, Thomas H. Mitchiner of Mitchiner Law, LLC and Steven Murray of Murray Law, LLC, submits her Complaint with Jury Demand against Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services, and alleges as follows:

### NATURE OF THE CASE

Katherine Bush [Bush] initiates this action to redress violations by Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services [Centura] of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et. seq*. [FMLA].

This is an employment discrimination and retaliation case arising from Centura's retaliation against Bush for engaging in lawfully protected activity under the FMLA.

Centura unlawfully against Bush, in the form of retaliation, by discharging her from employment and causing her to suffer damages and professional harm.

## JURISDICTION AND VENUE

1.     Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331, 1343 (a) (3) (4), 1367 and 29 U.S. U.S.C. § 2617 (a) (1)(2)(3) because the claims arise under laws of the United States.

2.     This is an action authorized and instituted pursuant to the FMLA.

3.     The claims in issue arose in the city of Colorado Springs, El Paso County, Colorado.

4.     All claims arose in the Judicial District of this Court and venue is proper pursuant to 28 U.S.C. § 1391(b) (c).

## PARTIES

5.     Plaintiff, Katherine Bush, is a resident of the Peyton, El Paso County, State of Colorado.

6.     Defendant, Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services, is a Colorado nonprofit corporation with its principal place of business in Colorado Springs, Colorado.

7.  At all times in issue, Bush was an eligible employee and qualified for all FMLA protections and rights in issue.

8.  Bush engaged in protected activity under the FMLA, by taking FMLA leave.

9.  Bush is a member of the class protected from retaliation and interference under the FMLA.

- 2 -

10.    At all times in issue, Centura was an "employer" within the meaning of the Title the FMLA.

**GENERAL ALLEGATIONS**

11.    Centura is a full-service, 522-bed acute care facility in Colorado Springs, which includes Penrose Hospital and St. Francis Medical Center.

12.    Bush is a Registered Nurse [RN].

13.    Bush has served as an RN for approximately 8 years.

14.    As an RN, Bush has an unblemished disciplinary, employment, and performance record.

15.    Bush began working for Centura in February of 2012

16.    Centura terminated her employment on August 21, 2018.

17.    Bush most recently held the position of a Registered Nurse [RN] in the Emergency Department.

18.    Centura paid Bush approximately $50,000.00 per year for her work.

19.    Prior to the events in issue, Bush had an exemplary employment record with Centura.

20.    In Bush's employment with Centura, she had not received any disciplinary action, and she had received positive performance evaluations and salary increases.

21.    On or about June 26, 2017, Bush suffered a shoulder injury at work while taking a patient to the Intensive Care Unit [ICU].

22.    Centura requires RN's to take ICU patients to the ICU with a vital sign monitor attached.

23.     The monitor Bush was using on that day was on a broken mount.

24.     Bush and an Emergency Department technician took a patient to ICU and afterwards returned the bed and the monitor the Emergency Department.

25.     In the course of Bush properly performing her duties, a monitor fell off a mount and injured her right shoulder.

26.     Bush properly exercised her rights under the FMLA for one week, from June 26, 2017 to July 4, 2017.

27.     Following her FMLA leave, Bush returned to work and performed light duty work from on or about July 4, 2017, until on or about September 24, 2017.

28.     Following Bush's return to work after September 24, 2017, Bush's shoulder injury required surgery.

29.     On or about June 20, 2018, Bush took FMLA leave to have shoulder surgery and to recover.  Bush had this surgery on June 26, 2018.

30.     On August 7, 2018, Bush placed a telephone call, to Centura, because she had not heard back from occupational health about returning to work from FMLA leave.

31.     Eventually after multiple attempts to talk to Centura, Bush contacted her her Assistant Manager, Kerry Mullane [Mullane], who instructed her to call Human Resources.

32.      Bush called Human Resources and it informed her that: (a) a sexual harassment allegation had been made against her; and (b) she would be placed on administrative leave while it conducted its investigation.

33.     Centura alleged that Bush, sometime before she went on FMLA leave in 2018, showed an offensive picture to her coworker(s) in violation of Centura's rules.

34.     On August 14, 2018, Bush's doctors cleared her to return to work.

35.     Centura did not allow Bush to return to work.

36.     Centura called Bush into a meeting on August 21, 2018 with Mullane, and Michaela Howell [Howell], the human resources representative for the Emergency Department

37.     In the meeting, Centura, through Mullane and Howe, terminated Bush's employment, for violating Centura's sexual harassment policy.

38.     Bush denies Centura's allegations against her.

39.     Centura denied Bush a full, fair, and meaningful opportunity to be heard in response to the allegations because Centura did not provide Bush with the details of the allegations, all relevant facts, and/or the identity of the alleged accusers.

40.     Centura denied Bush a full, fair, and meaningful opportunity to be heard in response to the allegations; (a) prior to Bush taking FMLA leave on June 20, 2018; (b) during the period Bush was on FMLA leave following June 20, 2018; or (c) during the occasions in August 2018, while Bush was near the end of her FMLA leave, when Centura provided Bush a few alleged details of the allegations and the events when Centura met with Bush to discharge her.

41.     Centura did not provide Bush with any progressive discipline.

42.     Because Centura terminated Bush for violating the sexual harassment policy, Bush is not eligible for rehire by Centura.

43.     Centura's actions have caused Bush to suffer severe and continuing professional harm.

## FIRST CLAIM FOR RELIEF

(Violations of the Family and Medical Leave Act - Retaliation)

44.     The foregoing allegations are realleged and incorporated by reference.

45.     FMLA makes it unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the FMLA. [Retaliation]. 29 U.S.C. § 2615(a)(2).

46.     The FMLA provides up to 12 weeks of job-protected, unpaid leave to any "eligible employee" who suffers from a serious medical condition.

47.     Bush engaged in lawfully protected activity under the FMLA by taking FMLA protected leave.

48.     Bush took FMLA leave from her job, from on or about June 20, 2018, through on or about August 14, 2018.

49.     Centura approved Bush's use of FMLA leave.

50.     Bush was qualified for and successfully took FMLA leave.

51.     Centura took materially adverse actions against Bush, contemporaneously with, and/or or after her use of FMLA leave.

52.     A reasonable employee would have found Centura's actions against Bush to be materially adverse.

53.     Centura's materially adverse actions against Bush include discharging her from employment and taking related actions causing her professional harm.

54.     Centura's alleged reason for discharging Bush is pretextual.

55.     A causal connection exists between Bush's protected activity, her use of FMLA leave, and Centura's materially adverse actions against Bush.

56.     Centura's materially adverse actions against Ms. Bush for protected FMLA action, were willful.

57.     Centura knew or showed reckless disregard as to whether its conduct violated the FMLA.

58.     Centura's adverse treatment of Ms. Bush constitutes unlawful willful discrimination, in the form of retaliation, in violation of the FMLA.

## SECOND CLAIM FOR RELIEF

(Violations of the Family and Medical Leave Act - Interference)

59.     The foregoing allegations are realleged and incorporated by reference.

60.     FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any FMLA protected right. [Interference]. 29 U.S.C. § 2615(a)(1).

61.     Centura placed Bush on unpaid administrative leave on August 7, 2018 during her FMLA leave.

62.     Centura did not allow Bush to return to work on August 14, 2018.

63.     Centura terminated Bush from employment on August 21, 2018.

64.     Centura discharged Bush from employment for a pretextual reason.

65.     Centura began the termination procedures while Bush was on FMLA leave. Bush was entitled to FMLA leave.

66.     Bush we lawfully entitled to take FMLA leave.

67.     Centura took adverse actions interfering with Bush's right to take FMLA leave.

68.     Centura and prevented Bush from taking the full 2 weeks of leave guaranteed by the FMLA leave.

69.     Centura denied Bush reinstatement following her leave.

70.     Centura adverse actions related to Bush's exercise of her FMLA rights.

## JURY TRIAL REQUEST

Pursuant to Fed. R. Civ. P. 38 (a) (b) (c), FMLA jurisprudence, and all applicable laws providing for a right to trial by jury, Bush seeks a jury trial of all claims and issues.

## REQUEST FOR JUDGMENT

WHEREFORE, Plaintiff, Katherine Bush, respectfully prays for a judgment to be entered against Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services as follows:

A. Against Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services for back pay under the Family Medical Leave Act, as allowed by law;

B. Against Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services for front pay under the Family Medical Leave Act, as allowed by law;

C.  Against Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services for liquidated damages available to Bush under the Family Medical Leave Act, as allowed by law;

D.  Against Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services for attorney's fees and costs available to Bush under the Family Medical Leave Act, as allowed by law;

E.  Costs, as allowed by law; and

F.  All other legal and equitable relief as the Court deems proper.

Respectfully submitted this 13th day of December 2018.


Mitchiner Law, LLC                     Murray Law, LLC
By:                                     By:

/s/ Thomas H. Mitchiner                 /s/ Steven Murray
Thomas H. Mitchiner                     Steven Murray
Mitchiner Law, LLC                      Mitchiner Law, LLC
1888 N. Sherman St., Ste 200            1888 N. Sherman St., Ste 200
Denver, CO 80203                        Denver, CO 80203
Phone: 720-538-0371                     Phone: 720-600-6642
E-mail:                                 E-mail:
tmitchiner@mitchinerlawllc.com          steven@smurraylaw.com
Attorney for Plaintiff Katherine Bush   Attorney for Plaintiff Katherine Bush


Address of Plaintiff:
15510 Bradshaw Rd.
Peyton, CO 80831