IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–03184–PAB–KMT

KATHERINE BUSH, individually,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO d/b/a CENTURA HEALTH-PENROSE-ST. FRANCIS HEALTH SERVICES, a Colorado nonprofit corporation,

    Defendant.

## ORDER

Before the court is Plaintiff's "Unopposed Motion to Restrict Public Access" (["Mot."], Doc. No. 24.) Defendant has not filed a response to Plaintiff's motion.

On December 13, 2018, Plaintiff Katherine Bush filed this lawsuit against her former employer, Defendant Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services, alleging violations of the Family and Medical Leave Act ["FMLA"], 29 U.S.C. §§ 2615(a)(1)-(2). (Doc. No. 1.) Plaintiff contends, specifically, that Defendant unlawfully terminated her employment, after she returned from approved FMLA leave. (*Id.* at ¶¶ 44-70.)

On June 27, 2019, Defendant moved for judgment in its favor on all of Plaintiff's claims, arguing that Plaintiff has not shown that her FMLA status played a factor in her termination. (Doc. No. 21.) In support of its motion, Defendant submitted evidence to show that Plaintiff was

terminated due to multiple complaints by coworkers of her sexual misconduct in the workplace. (*Id.* at Ex.1, Ex. 1A, Ex. 2, Ex. 3, Ex. 4.) Six weeks later, on August 13, 2019, the parties filed a stipulation of dismissal, with prejudice, as to all claims in this action. (Doc. No. 25.) That same day, Plaintiff filed this Motion, asking the court to restrict public access to the entirety of Defendant's motion for summary judgment, as well as Exhibits 1, 1A, 2, 3, and 4. (Mot. 4.)

In her Motion, Plaintiff argues that the documents at issue should be sealed, because the information contained in those documents is "private" and "salacious." (*Id.* at 3.) Plaintiff contends that public access to the documents would cause her "to suffer extreme embarrassment and mental anguish." (*Id.* at 4.)

The Supreme Court has acknowledged a common law right of the public to access judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). This right is premised upon the recognition that public monitoring of the courts fosters important values, such as respect for the legal system. *See In re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings, because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a specific court document should be restricted. *See Nixon*, 435 U.S. at 599.

Rule 7.2 of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, which governs motions to restrict access, makes clear that documents filed

with this District are presumptively available to the public, and the burden is on the party seeking restriction to justify such relief. *See* D.C.COLO.LCivR 7.2(a). Under Rule 7.2(c), a motion to restrict access must: (1) "identify the document or the proceeding for which restriction is sought;" (2) "address the interest to be protected and why such interest outweighs the presumption of public access[;]" (3) "identify a clearly defined and serious injury that would result if access is not restricted;" (4) "explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question[;]" and (5) "identify the level of restriction sought." D.C.COLO.LCivR 7.2(c)(1)-(4). "[T]he movant shall articulate a real and substantial interest that justifies depriving the public of access to documents that inform[] the court's decision-making process." *Slivka v. Young Men's Christian Assoc. of Pikes Peak Region*, --- F. Supp. 3d ----, 2019 WL 3059905, at *3 (D. Colo. 2019) (quoting *Preeson v. Parkview Med. Ctr., Inc.*, No. 15-cv-02263, 2017 WL 1197298, at *16 (D. Colo. Mar. 30, 2017)). The Tenth Circuit has made clear that "parties should not routinely or reflexively seek to seal materials upon which they predicate their arguments for relief[.]" *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012).

In this case, Plaintiff has not met her burden to show that Defendant's motion for summary judgment and accompanying exhibits should be sealed. The documents at issue do contain information that is potentially embarrassing to Plaintiff, relating to descriptions of her alleged sexual misconduct in the workplace. However, those allegations are central to the legal issues adjudicated in this case. Indeed, Plaintiff expressly references the sexual harassment allegations in her complaint. (Doc. No. 1 at ¶¶ 32, 37, 42.) As a result, the public's interest in open judicial proceedings outweigh Plaintiff's privacy interests. *See Cohen v. Pub. Serv. Co. of*

*Colo.*, No. 13-cv-00578, 2014 WL 3373400, at *2 (D. Colo. July 10, 2014) (finding exhibits relating to a plaintiff's allegations of sex and age discrimination should not be restricted, because the exhibits "relate[d] to matters occurring in connection with the plaintiff's employment by the defendant and her charges of discrimination"); *Mathews v. Denver Newspaper Agency, LLP*, No. 07-cv-02097, 2011 WL 13213930, at *1 (D. Colo. Oct. 24, 2011) (finding exhibits relating to allegations of sexual misconduct by a defendant's employees should be sealed, because the allegations were "not central to adjudicating the legal issues in th[e] case," and because the employees were not parties in the lawsuit); *see also Riker v. Fed. Bureau of Prisons*, 315 Fed. App'x 752, 754 (10th Cir. 2009) ("[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.") (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

Accordingly, it is

**ORDERED** that Plaintiff's "Unopposed Motion to Restrict Public Access" (Doc. No. 24) is **DENIED**.

Dated this 11th day of September, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge